E-FILED
Wednesday, 03 June, 2015  03:08:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL THOMAS, #B71744, | ) |
| Plaintiff, | ) |
| v. | ) No.: 12-1343-JBM |
| RAYMOND ANDERSON, et al., | ) |
| Defendants. | ) |

## OPINION

Plaintiff, proceeding pro se, and incarcerated at the Hill Correctional Center in Galesburg, Illinois, filed his complaint pursuant to U.S.C. § 1983. Plaintiff alleged various infringements by staff at Hill Correctional, including Defendant, Linda Miller. Defendants had filed a Motion for Summary Judgment [ECF 45] which was granted in part, and denied in part in the Court's Order of 8/14/14. [ECF 53]. The Order found that the only remaining claim against Defendant Miller was that she had interfered with a single piece of Plaintiff's outgoing mail, intended for the media. [ECF 53 p. 15].

At the 1/20/15 status hearing in this matter the Court questioned whether a sole claim of interference with mail by Defendant Miller was enough to state a claim for infringement of a First Amendment constitutional right. The parties were asked to brief this matter. Defendant Miller filed a renewed Motion for Summary Judgment [69] to which Plaintiff responded [87] and Defendant replied [90]. For the foregoing reasons, Defendant's Renewed Motion for Summary Judgment, [69], is GRANTED.

# MATERIAL FACTS

The sole remaining count against Defendant Miller is Plaintiff's claim that Defendant interfered with his attempt to send one piece of correspondence to the media. Plaintiff claims the correspondence in question was meant to expose the substandard conditions of the physical plant at Hill Correctional Center. Plaintiff claims that, at all relevant times, Defendant Miller was employed as the mailroom supervisor at Hill. [ECF 88 p.4]. Plaintiff claims that, during this period, he wrote letters to numerous politicians, legislators, and court officials complaining of the condition of the Hill facility. [ECF. 49-1 p. 5]. Plaintiff attached copies of these letters to his Response to Defendants' original Motion for Summary Judgment. [ECF. 49-1 pp. 49-64].

Plaintiff alleges that all-in-all, he directed at least 200 pieces of mail to the media. Of that number, three letters were returned to him unmailed. A single mailing was returned to him on each of these dates; 11/10/10, 12/15/10 and 4/6/11. [ECF 88 p. 19]. Plaintiff claims that he was never given a reason for the facility's failure to mail the first two letters while the third, that of 4/6/11, was returned as "not on the authorized list." [ECF 49-2 p. 35]. Plaintiff claims that it was Defendant Miller who returned the 4/6/11 correspondence and that her refusal to mail it violated his First Amendment rights.

Defendant Miller claims that she was the Hill mailroom supervisor from 2/3/10 through 9/7/11 [ECF 90 ¶ 4], and denies that she ever improperly prevented an offender from communicating with the media. [ECF 70-1 ¶ 5]. She notes that Plaintiff's sole support for his claim is an unsigned, undated form Memorandum which he believes to have been authored by Defendant Miller. The Memorandum in question is a form sent by the "Mail Clerk", indicating that an unidentified piece of mail was returned to Plaintiff as "Not on an approved list." The Mail Clerk Memorandum does not identify the nature of the mail which was returned, the intended

recipient, the identity of the person who returned the mail, the date of the correspondence or the date it was returned. [*See below*, ECF 49-2 p. 35]. Plaintiff seems to base his belief that it was sent him by Defendant Miller on the fact that, when asked, unidentified officers told him that "Miller did so." [ECF 88 p. 15].



Plaintiff claims, further, that Miller was the individual who signed the payment forms so that the postage fees could be deducted from Plaintiff's account. Plaintiff identifies 26 such charges from 10/25/10 through 5/20/11. [ECF 88 p. 14]. He claims that, as Defendant signed the payment forms, she was "aware" that he was writing to members of the media to expose the allegedly substandard conditions at Hill. He alleges that, at a time prior, Miller had been a secretary in the maintenance department and had a motive for denying his communication with the media. Plaintiff claims that the information he sought to disclose would put into question Defendant's job performance and that of her co-workers. [ECF 88 p. 10, 14]. Plaintiff does not offer anything, other than conjecture, in support of this claim. He, further, does not address the

3

fact that approximately 200 pieces of correspondence had already been sent out with the result that the media would have been alerted, by then, to the conditions which he was trying to expose.

Defendant states that Plaintiff has produced no credible basis for implicating Miller in the failure to mail the 4/7/11 correspondence. Plaintiff counters that it is Miller who has failed to produce evidence that it was someone other than she who refused to mail the correspondence. [ECF 88 p. 33]. In this case, however, Defendant has submitted an affidavit attesting that she never improperly prevented Plaintiff from contacting the media. [ECF 70-1 ¶5]. Accordingly, it is not Defendant's responsibility to identify someone else at Hill Correctional who might have perpetrated the alleged wrong. Rather, it is Plaintiff who must establish a triable issue of fact to support his claim that it was Miller who caused the infringement. This he has failed to do.

Plaintiff, further claims that Miller was head of the mailroom and that "any policy, custom or practices followed or put into effect by Miller does make her liable.' [ECF 88 p. 19]; [ECF 49-1 pp. 32-33]. This argument must fail as it is clearly established that § 1983 does not allow actions against individuals just for their supervisory role of others, and so individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(internal quotations and citations omitted).

Defendant asserts, additionally, that Plaintiff has failed to establish a triable issue of fact where he has alleged only a single claim of interference with his mail. Defendant cites *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), which holds that "an isolated delay or some other relatively short-term, non content-based disruption" in the processing of a prisoner's mail fails to state a cause of action under the First Amendment. In response, Plaintiff cites *Owen v. Lash*, 682

F.2d 648, 652 [sic] (7th Cir. 1982) for the proposition that a single deprivation of the First Amendment represents a cognizable injury. Plaintiff's reliance on *Owen*, however, is misplaced. There, the court, considering a mail interference claim under due process, stated in obiter dicta that, "[a] single act of depriving a citizen of his right to correspond may simultaneously constitute a violation of substantive constitutional rights and of the right to procedural due process." 682 n.4. It did not hold that a single instance of interference with mail constituted a First Amendment violation.

## LEGAL STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate

specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he "'must do more than simply show that there is some metaphysical doubt as to the material fact.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 250.

## ANALYSIS

**A. Plaintiff cannot show that the alleged interference by Defendant Miller was sufficiently frequent to implicate his First Amendment rights.**

Plaintiff , while he alleges three of his letters were not mailed out to the media, only implicates Defendant Miller in the letter of 4/6/11 which was returned to him along with the Mail Clerk Memorandum. In *Rowe*, the Court compared short-term and sporadic delays in receiving mail to "repeatedly and intentionally with[holding] [mail]..";  finding that the later constituted a First Amendment violation while the former did not. *Id.* at 783 (quoting *Sizemore v. Williford,* 829 F.2d 608 (7th Cir. 1987).

In this case Plaintiff admits to sending at least 200 pieces of correspondence to the media. He claims that three of the 200 were returned to him, unmailed. [ECF 88 p. 19]. Here, it is assumed that approximately 197 pieces of mail were sent, by the facility, to the intended recipients. Only 1.5 % of that number was returned, unmailed to Plaintiff. Of those three, only one article of mail was allegedly returned by Miller, reflecting an alleged failure rate by Miller of 0.5% . Even if the Court were to assume that Miller could be identified as the individual who

6

refused to mail this correspondence, and did so wrongfully, this clearly does not amount to the repeated and intentional withholding of mail as contemplated in *Rowe*. Plaintiff cannot, under the facts he has alleged, establish as a triable issue of fact that Miller's alleged failure to mail one piece of correspondence out of 200, violated his First Amendment rights.

### B. Plaintiff cannot show that Defendant Miller was the individual responsible for the alleged interference with his mail

Plaintiff claims that Defendant Miller "told" him that his 4/7/11 correspondence was not mailed because the recipients were not on his authorized list. Plaintiff, however, cites the Mail Clerk Memorandum as the source of this information and does not claim that he ever personally discussed the matter with Miller. [ECF 49-1 pp. 15, 32-33]. Plaintiff claims, rather, that he was told by others that Miller was the person who processed the mail. [ECF 49-1 p. 32]. From this he appears to have extrapolated that "it must have been" Miller who returned the un-posted correspondence to him. There is nothing in the record to corroborate this assumption. Defendant has provided a sworn affidavit averring that she has no recollection of ever personally handling Plaintiff's mail; and that she has never improperly prevented an offender from communicating with the media. [ECF 70-1 ¶¶ 5, 7]. Plaintiff has produced no competent evidence to contest this. As a result, he fails to support his claim that Defendant Miller was the individual who perpetrated the alleged wrong. Without evidence of Defendant Miller's personal involvement, Plaintiff cannot establish a constitutional violation on her part, and Defendant is entitled to judgment as a matter of law. *See Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006).

### C. Defendant is entitled to Qualified Immunity.

The Court finds that Defendant Miller's conduct did not violate Plaintiffs First Amendment rights. As a result, the Court need not address whether she is entitled to qualified immunity. *Van den Bosch v. Raemisch*, 658 F.3d 778, 787 n. 9 (7th Cir. 2011).

**IT IS THEREFORE ORDERED:**

Defendant, Linda Miller's Renewed Motion for Summary Judgment, [ECF 69], is GRANTED. The Clerk of the Court is directed to TERMINATE this Defendant as a party to this action.

ENTERED this __3rd__ day of __June____, 2015.

                                                      _____s/Joe Billy McDade_____
                                                          JOE BILLY McDADE
                                      JUDGE CENTRAL DISTRICT OF ILLINOIS