UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL THOMAS, | ) | Case No. 12-cv-01343 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Joe Billy McDade |
| v. | ) | |
| | ) | |
| RAYMOND ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF MICHAEL THOMAS' MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 1**

**INTRODUCTION**

Defendants' Motion *In Limine* No. 1 ("Defs.' Mot.") seeks to bar Mr. Thomas from using or relying on statements deemed admitted as a result of Defendants' failure to respond to Mr. Thomas' June 14, 2019 requests for admission (the "RFAs"). The motion should be denied. The matters addressed in the RFAs were admitted by operation of law more than eight months ago after Defendants did not answer the RFAs within the 30-day time limit provided for under Federal Rule of Civil Procedure 36. The RFAs have never been responded to.

Defendants initially argued that their failure to respond should be excused because they purportedly never received the RFAs. That is contrary to the facts, which Defendants now seem to admit. There is indisputable evidence that the RFAs were served via e-mail on Defendants on June 14, 2019. A copy of that e-mail is attached to the declaration supporting this memorandum. *See* Decl. of Paul B. Rietema ("Rietema Decl."), Ex. A. In addition to the clear evidence showing that the e-mail attaching the RFAs was sent, there is conclusive evidence that the e-mail was received by Defendants: although Defendants did not answer the RFAs, Defendants' counsel responded to other discovery requests that were attached to the *very same e-mail that enclosed the*

*RFAs*. Copies of those responses are attached here. *See* Rietema Decl., Exs. C-I, K-M. Defendants have not explained how it is possible that they were able to respond to other discovery requests that were attached to an e-mail they claim they never received.

Confronted with these incontrovertible facts, Defendants simply ignore them. Instead, Defendants now claim for the first time—three months after the close of discovery and on the eve of trial—that their admissions should be set aside on the basis that the RFAs purportedly were not "properly served" because Defendants' counsel allegedly did not formally consent to receive discovery via e-mail. This eleventh-hour argument is baseless and should be rejected for at least two reasons. *First*, Defendants waived any objection to service by e-mail by (a) waiting more than eight months to raise the issue, and (b) routinely serving discovery by e-mail themselves. *Second*, as many courts have held, Defendants' registration for and use of the Court's CM/ECF system constitutes consent to receive service of discovery by e-mail, even if the discovery is not filed with the Court. Accordingly, Defendants' motion should be denied.

## ARGUMENT

### I. Defendants' Claim That The RFAs Were Not Received Is False, And Has Now Been Contradicted By Defendants Themselves.

Contrary to Defendants' assertion that they never received the RFAs, there is a clear record that the RFAs were served by Mr. Thomas' counsel and received by Defendants' then-counsel, Assistant Attorney General Timothy Sullivan, on June 14, 2019. Rietema Decl. ¶ 4, Ex. A. Defendants now appear to admit that the RFAs were, in fact, received and have pivoted to speculating that they may have been overlooked.

#### A. The Record Clearly Shows The RFAs Were Sent And Received.

The RFAs were attached to a June 14, 2019 e-mail that also enclosed requests for production of documents, interrogatories, and deposition notices. Rietema Decl. ¶ 4, Ex. A. A

copy of this email is reproduced here:

> **From:** Youngblood, Sarah A.
> **Sent:** Friday, June 14, 2019 3:58 PM
> **To:** 'Sullivan, Timothy'
> **Cc:** Rietema, Paul B.; Silvertrust, Skyler J.
> **Subject:** Thomas v. Anderson et al - Revised First Set of Discovery Requests, RFAs, Interrogatories, and Notices of Deposition
> **Attachments:** Thomas v Anderson et al. Plaintiff's Revised First Set of Discovery Requests.pdf; Notices of Deposition.zip; First Set of I Rogs.zip; First Set of RFAs.zip
>
> Tim,
>
> As previously discussed, attached please find a revised version of Plaintiff's First Set of Discovery Requests amending the two errors we discussed in RFP 8 and 9.
>
> Also attached are a set of RFAs, Interrogatories, and a Notice of Deposition for each of your clients. Per our discussion yesterday, we are noticing these depositions on the tentative dates we discussed. Please let me know when you confirm your clients' availability for those dates.
>
> Sincerely,
> Sarah

The e-mail was sent by Sarah Youngblood, counsel to Mr. Thomas, to Defendants' then-counsel, Mr. Sullivan, with copies to Paul Rietema and Skyler Silvertrust, also counsel for Mr. Thomas.[1]

In at least one follow up e-mail to Mr. Sullivan regarding outstanding discovery, Ms. Youngblood specifically referenced this June 14, 2019 e-mail and the discovery requests attached to it. *Id*. ¶ 7, Ex. B (referencing "our second set of discovery requests dated 6/14/2019"). Mr. Sullivan never once stated that he had not received the June 14, 2019 e-mail. *Id*. ¶ 7.

To the contrary, Mr. Sullivan in fact responded to some of the document requests and interrogatories attached to the June 14, 2019 e-mail (albeit extremely belatedly, as discussed below) and exchanged e-mails with Mr. Thomas' counsel regarding the attached deposition notices. For example:

- On August 6, 2019, Mr. Sullivan produced, via e-mail, a number of documents responsive to the document requests that were attached to Ms. Youngblood's June 14, 2019 email. *Id*. ¶ 8, Exs. C-H.

---

[1] Mr. Rietema and Mr. Silvertrust received the e-mail. *See* Rietema Decl. ¶ 4.

3

- Throughout July and August 2019, Mr. Sullivan and counsel for Mr. Thomas exchanged several e-mails about scheduling the depositions noticed in the deposition notices attached to the June 14, 2019 e-mail. *Id.* ¶ 9, Exs. C-H.

- Mr. Sullivan provided answers to interrogatories directed to Defendant Cornealius Sanders, which were attached to the June 14, 2019 e-mail. *Id.* ¶ 10, Ex. I.[2]

Clearly, it cannot be the case that Mr. Sullivan did not receive the June 14, 2019 e-mail attaching the RFAs, when he responded to other discovery that was attached to that very same e-mail.

Although Defendants' motion is premised on their assertion that they never received the RFAs, they offer no support for that claim. There is no sworn declaration from Mr. Sullivan attesting to the fact that he allegedly did not receive the e-mail attaching the RFAs.[3] There is no other evidence that establishes that Mr. Sullivan did not receive the e-mail. Defendants' current counsel of record, Benjamin Lockyer and Colleen Shannon, do not have personal knowledge relevant to Mr. Sullivan's receipt of the RFAs because they did not become involved with this case until mid-September 2019, approximately three-and-a-half months after the RFAs were served.

Counsel to Defendants claim to have searched Mr. Sullivan's e-mail archives and been unable to locate a copy of the RFAs. But a search of Mr. Sullivan's e-mail archives is indicative of nothing, since Mr. Sullivan may have deleted the June 14, 2019 e-mail or simply chosen not to archive it. Defendants have also submitted no evidence that this e-mail would have been retained in the ordinary course under the Office of the Illinois Attorney General's backup procedures. And even if they had, the sufficiency of Defendants' alleged search of Mr. Sullivan's e-mail inbox is

---

[2] Interrogatories directed to the other Defendants were eventually answered, but not until many months later. Rietema Decl. ¶¶ 12-14, Exs. K-M. When they were, the responses were served by Defendants' counsel via e-mail. *Id.*

[3] Mr. Sullivan has since withdrawn from this case and left the Illinois Attorney General's office. *See* ECF No. 177 and 11/01/2019 Text Order.

4

highly questionable.  Defendants again provide no sworn statement describing (a) how this search was conducted, (b) who conducted it, (c) when it was conducted, (d) whether it was conducted in a manner consistent with accepted and reliable examination standards, (e) what specific archives were searched or not searched, (f) what specific devices were searched or not searched, and (g) the limitations of any such search.

### B. Defendants Now Appear To Admit They Received The RFAs, And Argue They Were Overlooked.

Defendants now appear to concede that the e-mail containing the RFAs was received by their counsel, Mr. Sullivan.  After the filing of their motion and the February 19, 2020 pretrial conference, Defendants' counsel e-mailed Mr. Thomas' counsel to explain that, contrary to their motion, Defendants now "suspect" that the June 14, 2019 e-mail attaching the RFAs may have ended up in Mr. Sullivan's spam folder due to Defendants' information technology policy that allegedly "quarantines" e-mails with .zip file attachments.  Rietema Decl. ¶ 17, Ex. P.  This admission confirms that Mr. Sullivan **did**, in fact, receive the June 14, 2019 e-mail.

Defendants now speculate—again, with no evidentiary support—that Mr. Sullivan may not have checked this spam folder on a regular basis and therefore may have overlooked the e-mail. *Id*.  As explained above, *supra* Section I.A., this argument is contrary to the facts.  Defendants' suggestion that Mr. Sullivan was not alerted to the June 14, 2019 e-mail because it ended up in a spam folder is simply not credible when the evidence shows that Mr. Sullivan responded to other discovery requests contained in the same e-mail.

But even if Defendants could somehow show that the e-mail was overlooked by Mr. Sullivan, that is no basis for the relief they seek.  Decisions in this circuit and elsewhere are clear that failing to monitor an email spam folder is no excuse and does not establish that an e-mail is not "received."  *E.g.*, *Weiming Chen v. Ying-Jeou Ma*, 2014 WL 464779, at *2 (S.D.N.Y. Jan. 31,

2014) (claim that e-mail was "wrongfully placed into the 'spam' folder or otherwise mishandled by [the attorney's] email account or office staff" did "not address whether notice was received"), *aff'd*, 595 F. App'x 79 (2d Cir. 2015); *McDaniel v. Elgin*, 2011 WL 2729485, at *1-4 (N.D. Ind. July 13, 2011) (rejecting argument that attorney did not receive notice of a filing because it allegedly "went to … counsel's spam folder"); *Tobin v. Granite Gaming Grp. II, LLC*, 2008 WL 723337, at *4 (D. Nev. Mar. 17, 2008) (rejecting party's excuse that it had not received court notices because they allegedly were blocked by the attorney's spam filter). It is incumbent on parties to monitor their e-mail and "stay abreast of [their] cases." *McDaniel*, 2011 WL 2729485, at *4. In short, if Defendants' counsel overlooked the RFAs because his email system directed them to a spam folder, that is an issue of counsel's own making and does not justify Defendants' lack of a response to the RFAs.

## II.    Defendants' Objection To The Method Of Service Is Meritless.

Recognizing the weakness of their claim that Mr. Sullivan did not "receive" the RFAs, Defendants assert as a fallback argument that their decision not to respond should be excused on the basis that service by e-mail was technically improper because Mr. Sullivan allegedly did not formally consent to that type of service. That argument should be rejected as well.

*First*, Defendants waived any objection to alleged defects in service by declining to raise the issue until after the close of discovery and more than eight months after the RFAs were served. Any objections to requests for admission must be made within 30 days. Fed. R. Civ. P. 36(a)(3). Objections not raised within the time prescribed by rule, including to the form of service, are waived. *See*, *e.g.*, *E. Bridge Lofts Prop. Owners Ass'n, Inc. v. Crum & Forster Specialty Ins. Co.*, 2015 WL 12831732, at *2 (D.S.C. June 19, 2015) (argument that discovery requests were not properly served because the parties "did not consent to service of discovery by electronic means"

6

failed because Defendants did not make any "formal objection to Plaintiffs' form of service" within 30 days and thus "waived" any objection on the basis of improper service); *Placide Ayissi-Etoh v. Mae*, 49 F. Supp. 3d 9, 12 (D.D.C. 2014) (failure to promptly object to the form of service of a discovery request waives a subsequent objection based on defective service), *aff'd sub nom. Ayissi-Etoh v. Fannie Mae*, 621 F. App'x 677 (D.C. Cir. 2015); *Gamblin v. Mississippi Farm Bureau Mut. Ins. Co.*, 2009 WL 10676958, at *3 (S.D. Miss. Oct. 7, 2009) (party's failure to promptly object "waived any [subsequent] objections to improper service" of discovery document by e-mail).

Both parties routinely used e-mail to serve or respond to discovery in this case. Rietema Decl. ¶ 5; *see also id.* ¶¶ 4, 7-9, 11-15. For example, as noted above, Defendants themselves used e-mail to serve materials responsive to document requests (which requests were themselves included in the June 14, 2019 e-mail at issue). *Id.* ¶¶ 6, 8, Exs. C-H. Likewise, Defendants used e-mail on several occasions to serve answers to multiple sets of interrogatories (which were also attached to the June 14, 2019 e-mail). *Id.* ¶¶ 12-14, Exs. K-M. Defendants' counsel served supplemental Rule 26(a) disclosures by e-mail, *id.* ¶ 11, Ex. J, and communicated with counsel for Mr. Thomas over e-mail regarding numerous other discovery matters in this case, *id.* ¶¶ 7, 9, 15, Exs. B-H, N.

Defendants never, at any time, raised an objection to e-mail as the parties' chosen method of communication and service. *Id.* ¶ 5. Counsel for Mr. Thomas only first learned of Defendants' newfound objection in late January 2020, when, in the context of the parties' negotiations regarding preparation of a joint pretrial order, Defendants attempted to retract their admissions. Particularly where, as here, the record is clear that Mr. Sullivan actually received the RFAs, there is no basis for sustaining an objection more than eight months later on the ground that service was

allegedly improper. *E. Bridge Lofts*, 2015 WL 12831732, at *2; *Gamblin*, 2009 WL 10676958, at *3.

Moreover, if Defendants for some reason had a problem receiving discovery requests by e-mail, they should not have used e-mail to serve and respond to discovery themselves. Courts have repeatedly held that a party's own use of e-mail to serve or respond to discovery constitutes a waiver of any objection to the opposing party's use of e-mail for service. *E.g.*, *Greenly v. Lee*, 2008 WL 298822, at *1-2 (E.D. Cal. Feb. 1, 2008) (claim that email service of discovery was improper was "undermine[d]" by party's "own service of discovery responses by electronic means"); *Tubar v. Clift*, 2007 WL 214260, at *6 (W.D. Wash. Jan. 25, 2007) (rejecting "disingenuous" argument that Plaintiff's service of discovery by email without consent was ineffective because "this defect in procedure [was] an insufficient basis by which to quash the [discovery], given the fact that Defendants themselves … electronically served documents on Plaintiff in the past").

Even if Defendants had not waived their objection to e-mail as a form of service, Defendants cannot reasonably claim that Mr. Sullivan never consented to e-mail service. Under Local Civil Rule 5.3 ("Service By Electronic Means Authorized"), a party's "[r]egistration in the Court's Electronic Case Filing System constitutes consent to electronic service and notice of all filed documents pursuant to Fed. R. Civ. P. 5(b)(2)(E)." C.D. Ill. L.R. 5.3. Courts interpreting similar language in analogous local rules, have held that registration in the court's CM/ECF system constitutes consent to receive service of all documents in the case by e-mail—even if, like most discovery requests, the documents at issue are not actually filed with the Court. *Baldwin v. United States*, 823 F. Supp. 2d 1087, 1110 (D. N. Mar. I. 2011) (registration in CM/ECF system requiring consent to receive service of filings through CM/ECF extended to consent to receive discovery via

8

e-mail from counsel); *Barr v. Harvard Drug Grp., LLC*, 2014 WL 2612072, at *3 (S.D. Fla. June 11, 2014) (consent to receive filings electronically by CM/ECF "has been held applicable to notices the attorneys send between themselves, and do not file with the Court"), *rev'd on other grounds*, 591 F. App'x 928 (11th Cir. 2015); *Greenly*, 2008 WL 298822, at *1-2 (rejecting argument that party had not consented to service by e-mail because CM/ECF registration was consent to receive e-mail service of documents, including documents not filed with the court); *Whitt v. Stephens Cty.*, 2007 WL 9754677, at *2 (N.D. Tex. Apr. 27, 2007) (registration for CM/ECF rendered service of discovery by e-mail valid even absent party's express consent). This accords with the goal that court rules reflect and facilitate the realities of modern practice. To appear as counsel of record, make filings, and receive notices in this case, Mr. Sullivan registered in the Court's CM/ECF system. In doing so, Defendants consented to receive service of documents, including discovery, by electronic means. C.D. Ill. L.R. 5.3. The requests were properly served; Defendants' claim that Mr. Sullivan never consented is incorrect as a matter of law.

## III.    Defendants Have Provided No Basis For Withdrawing The Admissions.

Defendants have provided no basis for withdrawing, on the eve of trial, admissions made over eight months ago. They have not shown that the RFAs are in fact incorrect, or demonstrated any prejudice. Their request to retract the admissions seems primarily designed to make trial more complicated and protracted. Defendants' overall refusal to reasonably cooperate in discovery also weighs against the relief sought.

### A.    Defendants Have Not Demonstrated Prejudice.

Requests for admissions serve "two vital purposes. … [F]irst to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating

9

those that can be." *Thermapure, Inc. v. Giertsen Co. of Ill.*, 2013 WL 1222330, at *1 (N.D. Ill. Mar. 25, 2013); *see also* 8A Wright & Miller, Fed. Prac. and Proc., § 2252 ("The rule is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry.").

When this case was remanded for a new trial, Mr. Thomas served the RFAs with these purposes in mind. The RFAs did not contain overreaching statements about Defendants' ultimate liability in this case, which Defendants obviously contest; rather, the RFAs contained pointed factual statements intended to determine what specific facts Defendants believed still were at issue so that the parties could effectively and efficiently take discovery and prepare for trial. When Defendants did not respond to the RFAs, the reasonable conclusion was that Defendants were not contesting the matters addressed in the RFAs. Mr. Thomas relied on Defendants' admissions in, among other ways, determining case strategy, what discovery to take, which witnesses to depose, and how to build his case for trial. Mr. Thomas' case would thus be prejudiced if Defendants were permitted to go back on their admissions at this late date.

On the other hand, Defendants have provided no explanation as to why their admissions in this case are incorrect or are otherwise unfair or prejudicial to them. Nor have Defendants shown how any of their admissions are inconsistent with other facts adduced through discovery or why requiring them to adhere to their admissions would undermine the presentation of this case on the merits. In short, Defendants have not shown good cause for setting aside their admissions.

**B.  Defendants Failed To Timely Respond To Discovery Over And Again Throughout The Discovery Process.**

Even if Defendants had shown that they are somehow prejudiced, their conduct during discovery in this case weighs against granting the relief sought. This is not an example of an otherwise diligent party missing a single discovery deadline and seeking relief. Defendants failed

to meet discovery deadlines in this case repeatedly, often by many months and in some cases only responding after discovery was long closed. That pattern of ignoring discovery obligations weighs against granting the relief sought.

As noted above, the RFAs were not the only discovery served by Mr. Thomas. Mr. Thomas also served document requests and interrogatories. Defendants did not respond to a single discovery request in the time required under applicable rules. For example, Defendants did not answer Mr. Thomas' requests for production until weeks after responses were due. *See* Rietema Decl. ¶ 8, Exs. C-H. Other requests went unanswered for months, despite regular follow up by Mr. Thomas' counsel. In November 2019, after one of many follow up requests by Mr. Thomas' counsel about certain long-outstanding requests, Defendants' counsel responded that he was "embarrassed for the delay in my response," but still produced nothing. *Id*. ¶ 15, Ex. N. Similarly, Defendants did not respond to interrogatories directed to Defendants Bailey, Cochran, and Anderson until January 2020—approximately *7 months* after they were served and nearly 2 months after the Court-ordered discovery cut-off of November 15, 2019.[4] *Id*. ¶¶ 12-14, Exs. K-M. In view of Defendants' discovery conduct in this case, their suggestion that they would have answered the RFAs in accordance with the rules had they only been "given a meaningful opportunity to respond," Defs.' Mot. at 3, is not credible.

The Court should not countenance Defendants' request to redo their discovery two weeks before trial.

---

[4] That deadline had already been extended at Defendants' request, which Mr. Thomas agreed not to oppose.

## CONCLUSION

For the foregoing reasons, Defendants' Motion *In Limine* No. 1, ECF No. 182, should be denied.

Dated:  February 26, 2020                             Respectfully Submitted,

  */s/ Paul B. Rietema*
Paul B. Rietema
Skyler J. Silvertrust
Sarah A. Youngblood
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654
Tel:  312-222-9350
prietema@jenner.com
ssilvertrust@jenner.com
syoungblood@jenner.com

*Attorneys for Plaintiff Michael Thomas*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all Counsel of Record via CM/ECF on February 26, 2020.

                                              */s/ Paul B. Rietema*