UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:12-cv-1343 ) |
| RAYMOND ANDERSON, *et al.*, | ) ) |
| Defendants. | ) ) |

## ORDER & OPINION

This matter is before the Court on Defendants' Motion *in limine* #1 and #2 (Doc. 182). In Motion *in limine* #1, Defendants seek to bar Plaintiff using or relying upon any purported admissions arising from the requests to admit which Plaintiff allegedly failed to properly serve. In Motion *in limine* #2, Defendants seek to bar any evidence or testimony about claims which have previously been decided by the Court and jury and which are beyond the scope of the Seventh Circuit's remand.

The Court held a hearing on February 19, 2020. (Docket entry dated 2/19/2020). Thereafter, Plaintiff filed a Memorandum in Opposition. (Doc. 186). The matter is therefore ripe for review. For the reasons stated herein, the Court grants Defendants' Motions *in limine* #1 and #2. As the Court finds that Plaintiff is precluded from offering evidence regarding the alleged admissions, the Court also denies Plaintiff's subsequently filed Motion in limine # 7 (Doc. 193), seeking to bar any evidence contrary to the alleged admissions.

## BACKGROUND

Following remand from the Seventh Circuit, the parties engaged in discovery. According to Plaintiff, on June 14, 2019, at 3:58 p.m., one of Plaintiff's attorneys, Attorney Sarah Youngblood, sent an e-mail to Defendants' then-counsel, Attorney Timothy Sullivan. (Doc. 186-2 at 2). Plaintiff's other lawyers, Attorneys Paul Rietema and Skyler Silvertrust, were copied on the e-mail. (Doc. 186-2 at 2). Attached were a set of requests for admission, interrogatories, and notices of deposition as well as revised discovery requests. (Doc. 186-2 at 2). Attorney Youngblood mentioned the e-mail to Attorney Sullivan on at least one occasion thereafter. (Doc. 186-3 at 2).

Defendants state they have no record of Attorney Sullivan' receipt of the e-mail. (Doc. 182 at 2). No statements or evidence evincing Attorney Sullivan's recollection of receiving or not receiving the e-mail have been provided to the Court.[1] Plaintiff notes the other discovery requests in the June 14 e-mail were responded to. (Doc. 186 at 3–4). The Court observes, however, that at least some of the discovery requests were provided again in other e-mails and in a different document format (.pdf rather than .zip). (Doc. 186-3 at 2). Attorneys Rietema and Silvertrust , however, received the copied e-mails. (Doc. 186 at 3 n.1).

Following the hearing on the motion at bar, the parties appear to have engaged in an attempt to discover what happened to the e-mail. On February 21, 2020, Attorney Remy Taborga, on behalf of the attorneys of record, requested Attorneys

---

[1] Attorney Sullivan left the Illinois Attorney General's Office on or before October 25, 2019, and withdrew from this case. (Doc. 177).

Rietema, Silvertrust, and Youngblood forward him the June 14 e-mail. (Doc. 186-17 at 4). Attorney Rietema did so. (Doc. 186-16 at 2). Attorney Taborga renewed the request on February 24, apparently not having received a response; Attorney Rietema responded that he had, in fact, forwarded the June 14 e-mail on February 21. (Doc. 186-17 at 3–4). Attorney Taborga stated he discovered the e-mail had been sent to the spam folder, an apparent internal quarantine which occurred due to the attachments being .zip files; he speculated this was the fate of the original June 14 e-mail. (Doc. 186-17 at 2–3).

**LEGAL STANDARD**

"Trial courts issue rulings on motions *in limine* to guide the parties on what evidence [the court] will admit later in trial. As a trial progresses, the presiding judge remains free to alter earlier rulings." *Perry v. City of Chi.*, 733 F.3d 248, 252 (7th Cir. 2013) (italicization added). The moving party "has the burden of establishing the evidence is not admissible for any purpose." *Mason v. City of Chi.*, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009).

**DISCUSSION**

Defendants argue there are three reasons the Court should not allow any use of the requests for admission in the June 14 e-mail: (1) Defendants did not consent in writing to accept electronic service, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E); (2) service was not effectuated; and (3) in the alternative, Defendants ask the Court to exercise its discretion and bar the use of the requests for admission even if they were properly served. (Doc. 182 at 2–3). Because the Court finds service was

3

improper due to a lack of consent to electronic service, there is no need to address the other issues.

Federal Rule of Civil Procedure 5(B)(2)(E) permits a document to be served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." Service by electronic means "is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served." Fed. R. Civ. P. 5(B)(2)(E). Failure to properly serve a request for admission prevents the failure to respond from being deemed an admission. *Cox v. Sherman Capital*, No. 12-cv-1654, 2013 WL 2432148, at *1–2 (S.D. Ind. June 4, 2013); *see also* Fed. R. Civ. P. 36(a)(3).

Electronic service was first added to Rule 5 in 2001. The Advisory Committee noted it authorized service by electronic means, "but only if consent is obtained from the person served." Fed. R. Civ. P. 5(b) advisory committee's notes to 2001 amendment. "Consent is required . . . because it is not yet possible to assume universal entry into the world of electronic communication." *Id.* The Advisory Committee encouraged parties "to specify the scope and duration of the consent. The specification should include at least the persons to whom service should be made, the appropriate address or location for such service—such as the e-mail address or facsimile machine number, and the format to be used for attachments." *Id.* In 2018, the Advisory Committee noted the consent-in-writing requirement was originally intended "as a safeguard"; while concerns regarding electronic communication had

4

"substantially diminished" they had "not disappeared entirely." Fed. R. Civ. P. 5(b) advisory committee's notes to 2018 amendment.

No party has argued, nor has any evidence shown, express consent in writing by Defendants to receive service by e-mail. Plaintiff, however, argues Defendants (1) waived the objection to e-mail service by not timely raising the issue; (2) waived the objection to e-mail service by serving their discovery by e-mail; and/or (3) registration for this Court's CM/ECF system constituted consent to receive electronic service. (Doc. 186 at 2).

## I. Waiver Due to Failure to Timely Object

The e-mail in question was sent on June 14, 2019, although Defendants maintain they were unaware of the e-mail until shortly before filing the instant motion on February 11, 2020. (Doc. 182 at 1). But where service is void, no response is necessary. *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 228 (S.D.N.Y. 2012). Therefore, Defendants did not fail to timely object because they had no duty to object.

## II. Waiver by Use of Electronic Service

In support of his argument that Defendants' use of e-mail waives objection to his own, Plaintiff cites two cases, *Tubar v. Clift*, No. C05-1154, 2007 WL 214260 (W.D. Wash. Jan. 25, 2007) and *Greenly v. Lee*, No. CIV S-06-1775, 2008 WL 298822 (E.D. Cal. Feb. 1, 2008). (Doc. 186 at 8–9). In *Tubar*, the court found the requirements of Rule 5(b) were not met and further e-mail service would not be proper absent a change because the party served had not consented in writing. 2007 WL 214260, at *6. Nevertheless, it found "that Defendants themselves have electronically served

5

documents on Plaintiff in the past. Defendants' objection to the same method they have used when later employed by Plaintiff [was] disingenuous." *Id. Greenly* is less relevant; there the Eastern District of California was interpreting its own local rule and found one party's reliance on that rule in its own service practices undermined its argument that the rule was limited. 2008 WL 298822, at *1.

The Court cannot agree with *Tubar*'s reasoning as applied to this case. The Advisory Committee's notes leave no doubt that express consent is required under Rule 5(b)(2)(E) and it "cannot be implied from conduct." Fed. R. Civ. P. 5(b) advisory committee's notes to 2001 amendment; *see also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1147 (4th ed. 2015) ("[C]onsent cannot be inferred from the conduct of the intended recipient"). Construing Defendants' conduct as a waiver of objection would undermine the express consent requirement. *See Whitt v. Stephens Cty.*, No. 1:06-CV-022-C, 2007 WL 9754677, at *1 (N.D. Tex. Apr. 27, 2007). Additionally, Fed. R. Civ. P. 5(b)(2)(E) does not require service by electronic means be reciprocal; the mere fact one party serves the other electronically cannot be sufficient to show consent to electronic service. *See* Rule 5(b)(2)(E) (stating electronic service is allowed "by other electronic means that *the person* consented to in writing." (emphasis added)); Fed. R. Civ. P. 5(b) advisory committee's notes to 2001 amendment ("[C]onsent must be obtained from the persons served."). Therefore, Defendants did not waive their objection by themselves serving discovery electronically.

### III. Consent Through the Local Rules

This District's Local Rules provide: "Registration in the Court's Electronic Case Filing System constitutes a consent to electronic service and notice of all filed documents pursuant to Fed. R. Civ. P. 5(b)(2)(E)." CDIL-LR 5.3(A). Plaintiff argues that because Defendants' then-attorney was registered in the Court's ECF system, he consented to received discovery documents electronically. (Doc. 186 at 9). In support, he cites numerous cases. (Doc. 186 at 8–9).

However, the express language of the Local Rule allows only a consent to electronic service of "filed documents." CDIL-LR 5.3(A). It would therefore appear on the face of the Local Rule, the consent does not extend to service of documents not filed in the ECF system. *See Cannon v. Austal USA LLC*, No. 15-cv-2582, 2017 WL 1365699, at *3 (S.D. Cal. Apr. 14, 2017) ("Here, there is no NEF constituting service of the discovery at issue because discovery is not intended to be filed on the CM/ECF system.").

Plaintiff's citations do not convince the Court otherwise. Almost all of the cases invoked involve waivers with far broader language than is present in this Court's local rules. *See Baldwin v. United States*, 823 F. Supp. 2d 1087, 1109 (D. N. Mar. I. 2011) ("The User Agreement [for the D. N. Mar. I. ECF system], which [the attorney] signed, states 'I agree to receive electronic service of documents, by e-mail to the address(es) shown above.' "); *Barr v. Harvard Drug Grp., LLC*, No. 13-cv-62019, 2014 WL 2612072, at *3 (S.D. Fla. June 11, 2014) ("Registration as a Filing User constitutes: (1) consent to receive notice electronically" (quoting the registration agreement)) *rev'd on other grounds*, 591 F. App'x 928 (11th Cir. 2015); *Greenly*, 2008

7

WL 298822, at * 1 n.1 ("Unless an attorney opts out by designating such on the registration form, registration as a filing user constitutes . . . consent to receive service electronically and waiver of the right to receive service by first class mail" (emphasis removed) (quoting E.D. Cal. L.R. 5-135(g))). Only in *Whitt* is the language comparable; there, without analysis, the court found a request for production was properly electronically served where the local rule addressed only filings generated by the ECF. 2007 WL 9754677, at *1–2. The lack of analysis on this point in *Whitt* results in the Court finding it unpersuasive in interpreting this Court's rules. Rather, the Court would interpret Local Rule 5.3(A) to mean what it says: attorneys who register for the ECF system consent to receive documents filed in that system. But discovery requests are not filed in the ECF system. Therefore, the consent under Local Rule 5.3(A) does not cover the requests for admission.

## Conclusion

1. Defendants' Motion *in limine* #1 (Doc. 182) is GRANTED. Plaintiff is precluded from offering evidence regarding the requests to admit improperly served.

2. Defendants' Motion *in limine* #2 (Doc. 182) is GRANTED. The parties may not offer any evidence or testimony about claims previously decided by the Court and the jury and beyond the scope of the Seventh Circuit's remand.

3. Plaintiff's Motion *in limine* #7 (Doc. 193) is DENIED.

Entered this 4th day of March 2020.

                                                            s/ Joe Billy McDade
                                                            JOE BILLY McDADE
                                         United States Senior District Judge