UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL THOMAS, | ) | Case No. 12-cv-01343 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Joe Billy McDade |
| v. | ) | |
| | ) | |
| RAYMOND ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF MICHAEL THOMAS' MEMORANDUM
IN OPPOSITION OR RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE* NOS. 3-10**

Plaintiff Michael Thomas respectfully submits this memorandum in opposition or response to Defendants' Motions *In Limine* Nos. 3-10 ("Def.'s' Mots."). Each motion is addressed individually below.

**BACKGROUND**

In this action, Mr. Thomas alleges that Defendants, who are current and former correctional officers at Hill Correctional Center, violated his rights under the U.S. Constitution by imposing discipline and assaulting him in retaliation for grievances and litigation he filed.

**ARGUMENT**

**3.    Defendants' Motion *In Limine* No. 3:  Bar Evidence Of Indemnification**

Defendants' Motion *In Limine* No. 3 seeks to "preclude Plaintiff from offering evidence or testimony disclosing, or otherwise suggesting that State of Illinois [*sic*] may indemnify the Defendants in the event Plaintiff receives a favorable jury verdict." Def.'s' Mots. at 1. This motion should be denied as moot. Mr. Thomas does not intend to offer evidence that the State of Illinois would indemnify Defendants with respect to any judgment that is entered against them.

Mr. Thomas should be permitted to offer evidence of indemnification, however, if Defendants open the door at trial, for example, by claiming an inability to pay damages or otherwise offering evidence about their personal circumstances or financial condition. "[I]f defendants themselves inject the issue of their claimed inability or limited ability to pay an award, evidence of their right to indemnification … will become relevant." *Galvan v. Norberg*, 2006 WL 1343680, at *2 (N.D. Ill. May 10, 2006); *Bruce v. City of Chicago*, 2011 WL 3471074, at *3 (N.D. Ill. July 29, 2011) ("[W]hen defendants who benefit from a right to indemnification nevertheless claim an inability to pay damages, such defendants are deemed to have 'opened the door' to evidence of the statutory entitlement to indemnification.").

Similarly, the law permits evidence of indemnification to the extent that any of the Defendants suggest that they would be required to personally bear an award of punitive damages. *Galvan*, 2006 WL 1343680, at *2 (if defendants seek to "apprise the jury of the fact that the individual officers will have to bear [punitive] damages out of their own pockets, fairness would require that the jury also be informed of the true situation (indemnification) as to compensatory damages"); *Martinez v. City of Chicago*, 2016 WL 3538823, at *13 (N.D. Ill. June 29, 2016) ("if Defendants plead poverty as to punitive damages, they open the door for Plaintiff to offer evidence of indemnification as to compensatory damages").

The Court should deny Defendants' Motion *In Limine* No. 3 as moot, but permit Mr. Thomas to introduce evidence of indemnification in the event Defendants open the door as described above.

**4.     Defendants' Motion *In Limine* No. 4:  Bar Plaintiff From Offering Evidence Or Testimony Of Other Lawsuits Involving Defendants**

Defendants' Motion *In Limine* No. 4 seeks to bar "reference or inquiries as to other lawsuits involving Defendants." Def.'s' Mots. at 2. As a general matter, Mr. Thomas does not intend to

2

offer evidence of unrelated prior lawsuits against Defendants. However, Mr. Thomas objects to this motion as being overbroad in two main respects.

*First*, Mr. Thomas should be permitted to offer evidence or question Defendants regarding prior lawsuits against them in the event Defendants open the door by, for example, attempting to bolster their credibility by suggesting they have a good record as officers, have never been sued, or have never had issues with Mr. Thomas or any other inmates.

*Second*, the Court should admit evidence regarding the previous lawsuit Mr. Thomas filed against Defendant Anderson because that lawsuit is relevant to Mr. Thomas' retaliation claim. Defendants concede that evidence of this prior lawsuit is admissible and relevant to Mr. Thomas' claim, *id.* (noting that Defendants "do not seek to prevent Plaintiff from presenting" evidence of the lawsuit), but argue that the specific allegations of the complaint should not be shared with the jury. This requested prohibition goes too far.

While Mr. Thomas has no intention of offering protracted testimony about the details of the prior Anderson lawsuit, it is necessary to at least give a short recitation of the substance of Mr. Thomas' allegations against Defendant Anderson because that information is directly relevant to the jury's evaluation of whether Defendant Anderson had a motive to retaliate against Mr. Thomas. In other words, it is not only the fact that Mr. Thomas filed a lawsuit against Defendant Anderson, but also the substance of what Mr. Thomas said in that lawsuit, that is relevant to Defendant Anderson's motive, intent, and state of mind. Of course, such information would not be offered for the truth of the matters asserted but, rather, to show the effect the allegations had on Defendant Anderson. Evidence of "intent or state of mind are essential elements of … First Amendment retaliation claims." *Mearday v. City of Chicago*, 196 F. Supp. 2d 700, 713 (N.D. Ill. 2002) (citing *Crawford-El v. Britton*, 523 U.S. 574 (1998)). Indeed, a significant part of Mr. Thomas' claim in

this case is that Defendant Anderson reacted negatively to Mr. Thomas' allegations against him and that Defendant Anderson sought to retaliate against Mr. Thomas in response to those allegations. The jury's comprehension of whether and why Defendant Anderson sought to retaliate against Mr. Thomas would be aided by a basic understanding of what Mr. Thomas said in his filings about Defendant Anderson.

Providing the jury with a succinct overview of the allegations of Mr. Thomas' previous complaint would take no more than five minutes of trial time and would not be unfairly prejudicial or otherwise inflammatory. Further, the jury may be instructed that Mr. Thomas' allegations should not to be accepted for the truth of the matters asserted but, rather, to show the effect they had on Defendant Anderson. Defendant Anderson will also be free to explain or rebut any charge he deems improper.

Accordingly, Defendants' Motion *In Limine* No. 4 should be denied with respect to the two issues identified above.

**5.    Defendants' Motion *In Limine* No. 5:  Bar Plaintiff From Offering Evidence Or Testimony Of Any Misconduct, Reprimand, Or Discipline Issued Against Any Of The Defendants**

Defendants' Motion *In Limine* No. 5 seeks to "bar reference to any previous misconduct, or inquiries regarding reprimands, discipline, or suspensions received by Defendants." Def.'s' Mots. at 3. Mr. Thomas does not intend to offer such evidence except against Defendant Cochran. With respect to Defendant Cochran, Defendants' motion should be denied.

**A.    Defendant Cochran's Disciplinary History Is Admissible Under Rule 608.**

As an initial matter, evidence of Defendant Cochran's disciplinary history is admissible under Federal Rule of Evidence 608, which allows "specific instances of a witness's conduct" to be "inquired into if they are probative of [the witness's] character for truthfulness or

untruthfulness." At his October 3, 2019 deposition, Defendant Cochran lied under oath that he had never been disciplined in connection with his employment at Hill Correctional Center. When asked whether he had "ever been disciplined … since [he had been employed] at Hill Correctional Facility" Defendant Cochran responded unequivocally: "No." Silvertrust Decl., Ex. A at 147:5-9. Subsequent to Defendant Cochran's deposition, Mr. Thomas' counsel obtained a copy of Defendant Cochran's personnel file, which had not been produced previously and which showed that Defendant Cochran had, contrary to his testimony, in fact been disciplined on numerous occasions, suspended several times, and ultimately discharged for cause after violating a "last chance agreement."[1] Silvertrust Decl., Ex. B at 00012210. In 2016, for example, Defendant Cochran was placed on suspension and recommended for "immediate discharge" after it was determined that he "impeded [an] investigation" regarding "an incident involving [Defendant] Cochran and an inmate" by "provid[ing] false and misleading information to the investigator" and "threatening and harassing" other correctional officers about the statements they intended to provide. *Id.* at 00012227. Defendant Cochran's personnel file records numerous other instances of serious discipline.

Evidence that Defendant Cochran lied under oath is plainly probative of his character for truthfulness and is thus admissible under Rule 608. *E.g.*, *United States v. Kozlovski*, 2011 WL 4916915, at *2 (E.D.N.Y. Oct. 14, 2011) ("It is abundantly clear that false statements may be the basis for questioning under Rule 608."); *Hopson v. Deffenbaugh Disposal Serv., Inc.*, 2009 WL 151589, at *1 (D. Kan. Jan. 21, 2009) ("Under Rule 608(b), evidence that [a party] provided false information under oath is probative of his truthfulness or untruthfulness."); *In re Ippolito*, 2015

---

[1] It appears that Defendant Cochran's termination was reversed following a union arbitration and that he is presently employed with the Illinois Department of Corrections subject to a second "last chance agreement."

5

WL 424522, at *4 (S.D. Ga. Jan. 30, 2015) ("A witness's prior false statements under oath are a viable ground for impeachment."); *Ramirez v. Delong*, 2010 WL 3061287, at *1 (W.D. Wis. July 30, 2010) (a party who has been "caught … in a lie" may be "impeach[ed] …with the evidence [of the lie] … while he is testifying at trial"); *cf. United States v. Wilson*, 985 F.2d 348, 352 (7th Cir. 1993) ("Perjury is an act of dishonesty within the permissible scope of cross-examination under Rule 608(b)."). So too is evidence that Defendant Cochran has provided false statements in connection with investigations involving his misconduct towards inmates. Defendants' motion offers no basis for excluding this highly relevant evidence.

### B. Defendant Cochran's Disciplinary Record Is Also Admissible Under Rule 404(b).

Portions of Defendant Cochran's disciplinary record are also admissible under Federal Rule of Evidence 404(b), which permits evidence of prior acts for any reason other than to prove propensity.[2] For example, courts have held that "[d]isciplinary records of correctional officers … may be admissible to prove issues such as motive, intent, lack of mistake, or modus operandi." *Atchison v. Huffman*, 2019 WL 1957942, at *1 (C.D. Ill. May 2, 2019); *Vodak v. City of Chicago*, 2004 WL 1381043, at *5 (N.D.Ill. May 10, 2004) (holding that "disciplinary records containing any similar factual allegations may be relevant and admissible under Rule 404(b) to prove motive,

---

[2] Rule 404(b) permits evidence of other acts for a broad range of purposes. As one court has explained: "Rule 404(b) is a particular application of the general rule of relevancy. It provides in essence that evidence of a person's crime, wrong, or act is not admissible to prove propensity. It may, however, be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or accident. This list of permissible uses is illustrative, not exhaustive…. Rule 404(b) encompasses '*any* act' as long as it is relevant, which Rule 401 expansively defines as evidence having '*any* tendency' to make the existence of '*any* fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 317 F.R.D. 620, 630 (N.D. Ill. 2016) (citations omitted; emphasis in original).

intent, and/or modus operandi"). Defendant Cochran's disciplinary record is relevant to those issues here.

In particular, Defendant Cochran's personnel file indicates that he has engaged in conduct in the past that is similar factually to Mr. Thomas' allegations here. For instance, in 2014, Defendant Cochran was reprimanded for "cancel[ing] dayroom" and, in 2016, he was recommended for a 5 day suspension after he falsely accused another inmate of "refusing to lock up." Silvertrust Decl., Ex. B at 00012210, 00012261-63. This evidence is relevant to show, among other things, (a) Defendant Cochran's unique modus operandi when he wanted to get an inmate in trouble (i.e., falsely accusing an inmate of refusing to lock up), (b) that Defendant Cochran had the opportunity to determine when to call for an end to dayroom period (a point he contests), and (c) that Defendant Cochran intended to terminate dayroom period early and falsely accuse Mr. Thomas of refusing to lock up. *See United States v. Leiva*, 2014 WL 1978257, at *10 (C.D. Ill. May 15, 2014) ("When the characteristics of the [prior acts] are sufficiently alike, they support an inference of … intent."). Accordingly, this evidence is admissible under Rule 404(b).

For the above reasons, Defendants' Motion *In Limine* No. 5 should be denied.

6.  **Defendants' Motion *In Limine* No. 6:  Allow Defendants To Offer Testimony Regarding The Fact That Plaintiff Has Been Convicted Of And Served Time For A Felony**

Defendants' Motion *In Limine* No. 6 asks the Court to allow Defendants to introduce highly-prejudicial and irrelevant details pertaining to the convictions of Mr. Thomas and other witnesses who were inmates with Mr. Thomas at the time of the events giving rise to this lawsuit. This motion should be denied. Only the fact that Mr. Thomas or other witnesses were convicted of a felony should be disclosed to the jury.

7

Evidence of a prior conviction introduced pursuant to Federal Rule of Evidence 609 is admissible "*only* for impeachment purposes." *Barber v. City of Chicago*, 725 F.3d 702, 712 (7th Cir. 2013) (emphasis in original). Because prior convictions that do "not implicate truthfulness" have only marginal impeachment value, courts in the Seventh Circuit have held that evidence of such convictions should be "sanitize[ed]" by admitting only "the bare fact" of the conviction while excluding all other details. *Buchanan v. McCann*, 2012 WL 1987917, at *1-2 (N.D. Ill. June 4, 2012) (citing *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009)). In such cases, this "necessary sanitization" requires excluding "(1) the nature and name of the crime …, (2) the date of the conviction ..., and (3) the sentence imposed[.]" *Id.* at *2 (quotation marks omitted).

The Court should exclude all similar underlying details here. The particulars of Mr. Thomas' or any other witness' convictions are not probative of any issue in this case, as such details are irrelevant to whether Defendants retaliated against Mr. Thomas, and any impeachment value is minimal because Defendants do not claim that any prior conviction they seek to introduce involves dishonesty or otherwise implicates any witness' character for truthfulness. Allowing Defendants to offer evidence of the specific nature of any prior offenses or sentences would unfairly prejudice Mr. Thomas and serve only to increase the likelihood that the jury will decide this case not on its merits but on the basis of past alleged unrelated misconduct and negative feelings towards individuals who have been convicted of serious crimes.

Moreover, whatever impeachment Defendants may wish to make under Rule 609 can be effectuated without introducing details of any underlying offenses. For example, informing the jury that Mr. Thomas was convicted of murder would not contribute any more to the jury's assessment of Mr. Thomas' credibility than simply telling the jury that Mr. Thomas was convicted of a felony. On the contrary, disclosing the nature of Mr. Thomas' murder charge would

substantially detract from the fair adjudication of his claim.  Evidence of murder or similar violent convictions has an especially high "potential for inflaming the jury" and is "not highly probative of credibility."  *Jones v. Sheahan*, 2003 WL 21654279, at *2 (N.D. Ill. July 14, 2003); *see also Buchanan*, 2012 WL 1987917, at *2 (excluding details of murder conviction in Section 1983 case).

Thus, "the risk that unfair prejudice would result from the admission of that evidence is substantial."  *Jones*, 2003 WL 21654279, at *2.  That risk is especially pronounced "in a civil rights case such as this, [where] the risk of portraying the plaintiff as an unsympathetic member of the criminal class is particularly dangerous."  *Norris v. Bartunek*, 2017 WL 4556714, at *3 (N.D. Ill. Oct. 12, 2017); *see also Barber*, 725 F.3d at 714 (cautioning that "[p]resenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover [damages] ….").

Informing the jury of the date of a witness' conviction or the length of his sentence would be no less damaging.  This information "must be kept from … jurors lest [it] lead jurors to draw prejudicial inferences about the seriousness of the crime."  *Buchanan*, 2012 WL 1987917, at *2 (excluding evidence of witness' date of conviction and sentence).  For example, allowing evidence that Mr. Thomas was sentenced in 1996 to 40 years in prison would have the same effect as telling the jury the nature of the crime charged.  Given that only a few very serious crimes receive such lengthy sentences, this information is itself highly prejudicial.

For these reasons and those outlined in Mr. Thomas' Motion *In Limine* No. 1, *see* ECF No. 187, Defendants' Motion *In Limine* No. 6 should be denied.  The Court should limit reference to

any details regarding Mr. Thomas' or any other witness' prior convictions/sentences and allow introduction of evidence only as to the fact that these individuals have felony convictions.[3]

### 7. Defendants' Motion *In Limine* No. 7: Bar Evidence Or Testimony Involving Allegations And Claims Against Defendant Fitchpatrick

Defendants' Motion *In Limine* No. 7 asks the Court to "bar evidence or testimony involving any alleged constitutional violations against [former] Defendant Fitchpatrick." Def.'s' Mots. at 6. This motion should be denied as overbroad.

To be clear, Mr. Thomas acknowledges that Officer Fitchpatrick is no longer a defendant in this case and, accordingly, Mr. Thomas has no intention of claiming or otherwise arguing to the jury that Officer Fitchpatrick is liable for any retaliation that occurred. However, to the extent that Defendants appear to be arguing that *all* "evidence or testimony regarding Officer Fitchpatrick's actions and/or inactions should be barred," Def.'s' Mots. at 6-7, this broader exclusion is plainly improper.

Officer Fitchpatrick is a percipient witness who was present at the scene and observed much of the events relevant to Mr. Thomas' retaliation claim against the Defendant officers. Indeed, Officer Fitchpatrick is listed as a witness on the disciplinary ticket that Defendants wrote Mr. Thomas in retaliation for the grievances and lawsuit he filed against Defendant Anderson. Silvertrust Decl., Ex. C. At the previous trial in this matter, Officer Fitchpatrick testified about his personal recollection of details of the events relevant to Mr. Thomas' retaliation claim, including conduct he observed by Defendants Anderson and Cochran.

The suggestion that Officer Fitchpatrick should not be allowed to testify as a fact witness about the events he observed in this case or that Officer Fitchpatrick can never be mentioned at

---

[3] In the event the Court permits Defendants to introduce details regarding Mr. Thomas' or other witness' convictions, Mr. Thomas requests that the Court give an appropriate limiting instruction.

10

trial because he is no longer a Defendant is meritless. Indeed, if that argument were correct, no non-party witness could ever testify in a case. Defendants' blanket request for a prohibition on all testimony from or about Officer Fitchpatrick is therefore unreasonably overbroad and should be denied.

8. **Defendants' Motion *In Limine* No. 8: Bar Non-Party Witnesses From The Courtroom When They Are Not Testifying**

Defendants' Motion *In Limine* No. 8 seeks to exclude non-party witnesses from the courtroom when they are not testifying. Mr. Thomas does not object to this motion but requests that any prohibition apply equally to any non-party witnesses Defendants intend to call at trial.

9. **Defendants' Motion *In Limine* No. 9: Bar Lay Medical Opinion Regarding Plaintiff's Alleged Injuries**

Defendants' Motion *In Limine* No. 9 seeks to bar Mr. Thomas from "offering medical opinions concerning his mental or physical condition, or that his pain or discomfort was caused or aggravated by the events alleged in his Complaint." Def.'s' Mots. at 7. This motion should be denied. It is well established in the Seventh Circuit that a person who suffers an injury is permitted to testify about the injury they suffered.

The Seventh Circuit has been clear that "a witness does not need to be a doctor to discuss his or her health." *Collins v. Kibort*, 143 F.3d 331, 337 (7th Cir. 1998). Rather, a witness can testify to an opinion that is "rationally based on [his] perception," Fed. R. Evid. 701(a), and "courts have routinely held that lay individuals are certainly capable of reliably understanding and testifying to their own medical condition," *Gage v. Metro. Water Reclamation Dist.*, 365 F. Supp. 2d 919, 929 (N.D. Ill. 2005). Thus, there is simply no merit to Defendants' requested exclusion.

Mr. Thomas may testify about the injuries he experienced in this case, including any physical or emotional pain he suffered. *E.g.*, *Hendrickson v. Cooper*, 589 F.3d 887, 893 (7th Cir.

11

2009) (noting that, given "the uniquely subjective nature of pain," a party may rely on "his own testimony to prove his pain and suffering"); *Smith v. Nurse*, 2016 WL 4539698, at *6 (N.D. Ill. Aug. 31, 2016) (allowing Section 1983 plaintiff to "testify about the pain and suffering that he experienced during and after the alleged beating"). These matters are all within Mr. Thomas' perception and are essential to the jury's determination of the issues in this case, including liability, compensatory damages, and punitive damages. Fed. R. Evid. 701(a), (b). None of that evidence depends on any "scientific, technical, or other specialized knowledge within the scope of Rule 702." Def.'s' Mots. at 7.

To the extent Defendants are concerned that Mr. Thomas' testimony might possibly venture into areas that are beyond the scope of Federal Rule of Evidence 701, their motion is premature—Defendants certainly can object to such testimony contemporaneously or address it through cross-examination; indeed, there is no danger of a jury improperly elevating any of Mr. Thomas' testimony. An *in limine* ruling that does nothing but restates Federal Rule of Evidence 701 is entirely unnecessary.

Defendants' Motion *In Limine* No. 9 should be denied.

**10.     Defendants' Motion *In Limine* No. 10:  Bar Plaintiff From Offering Evidence Or Testimony Referencing Any "Golden Rule" Appeal**

Defendants' Motion *In Limine* No. 10 seeks to "bar Plaintiff from making any 'Golden Rule' appeal during trial, including any argument or testimony that the jury place itself in Plaintiff's position or that the damages be based on a scenario whereby jurors hypothetically sustain injuries or damages similar to those purportedly sustained by Plaintiff." Def.'s' Mots. at 8. This motion should be denied as moot. Mr. Thomas does not intend to ask the jury to place themselves in his position or to consider how they "would … feel" if they were him, which is all

the "golden rule" caselaw bars. *See Joan W. v. City of Chicago*, 771 F.2d 1020, 1022 (7th Cir. 1985).

## CONCLUSION

For the foregoing reasons, the Court should:

1. Deny Defendants' Motions *In Limine* Nos. 3 and 10 as moot;

2. Deny Defendants' Motions *In Limine* Nos. 4, 5, 6, 7, and 9; and

3. Grant Defendants' Motion *In Limine* No. 8 without objection but subject to equal treatment for Defendants' witnesses.

Dated: March 9, 2020                                  Respectfully Submitted,

                                                          */s/ Paul B. Rietema*
                                                        Paul B. Rietema
                                                        Skyler J. Silvertrust
                                                        Sarah A. Youngblood
                                                        Jenner & Block LLP
                                                        353 N. Clark Street
                                                        Chicago, Illinois 60654
                                                        Tel: 312-222-9350
                                                        prietema@jenner.com
                                                        ssilvertrust@jenner.com
                                                        syoungblood@jenner.com

                                                        *Attorneys for Plaintiff Michael Thomas*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all Counsel of Record via CM/ECF on March 9, 2020.

                                              */s/ Paul B. Rietema*