**ADDENDUM TO COURT'S PROPOSED FINAL PRETRIAL ORDER [ECF 185]**

**COURT'S PROPOSED EXHIBIT C**

**PLAINTIFF'S WITNESS LIST**

| WITNESS NAME | ADDRESS | OBJECTION |
|---|---|---|
| Plaintiff Michael Thomas | Des Plaines, IL | |
| Roger Fitchpatrick | Knoxville, IL | |
| Raymond Anderson | Peoria, IL | |
| Richard Cochran | Toulin, IL | |
| Cornealious Sanders | Peoria, IL | |
| Scott Bailey | Peoria, IL | |

**COURT'S PROPOSED EXHIBIT D**

**DEFENDANTS' WITNESS LIST**

| WITNESS NAME | ADDRESS | OBJECTION |
|---|---|---|
| Plaintiff Michael Thomas | Des Plaines, IL | |
| Roger Fitchpatrick | Knoxville, IL | |
| Raymond Anderson | Peoria, IL | |
| Richard Cochran | Toulin, IL | |
| Cornealious Sanders | Peoria, IL | |
| Scott Bailey | Peoria, IL | |

# COURT'S PROPOSED EXHIBIT E

# PLAINTIFF'S EXHIBIT LIST

| NO. | DESCRIPTION | COURT'S POSITION |
|---|---|---|
| 1 | 3/24/2011 Disciplinary Report by Defendant Cochran | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 2 | Incident report from Anderson re 3/24/11 incident | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 3 | 4/1/2011 Grievance by Thomas | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 4 | Grievance Officer's Report re Grievance numbered 111634 | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 5 | 4/1/2011 Grievance by Thomas numbered 111659 | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 6 | Incident Reports by Hill Staff re 3/24/11 | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 7 | Good Conduct Credit/Statutory Good Time Restoration Revocation Recommendation | Reserved |
| 8 | Final Summary Report | Reserved |
| 9 | Medical Records | Barred by Court's Order as to Motion *in limine* #2 [ECF 98] |
| 10 | 10/17/2010 Grievance by Thomas numbered 110595 | Barred by Court's Stipulation as to Plaintiff's filing of grievances, complaints and lawsuits prior to 3/24/11 [ECF 185 Ex. B] |

| 11 | 3/9/2011 Grievance by Thomas numbered 111587 | Barred by Court's Stipulation as to Plaintiff's filing of grievances, complaints and lawsuits prior to 3/24/11 [ECF 185 Ex. B] |
|---|---|---|
| 12 | Grievance Officer's Report re Grievance numbered 111587 | Barred by Court's Stipulation as to Plaintiff's filing of grievances, complaints and lawsuits prior to 3/24/11 [ECF 185 Ex. B] |
| 13 | 3/10/2011 Grievance by Thomas numbered 111588 | Barred by Court's Stipulation as to Plaintiff's filing of grievances, complaints and lawsuits prior to 3/24/11 [ECF 185 Ex. B] |
| 14 | Grievance Officer's Report re Grievance numbered 111588 | Barred by Court's Stipulation as to Plaintiff's filing of grievances, complaints and lawsuits prior to 3/24/11 [ECF 185 Ex. B] |
| 15 | DR 504 Administration of Discipline Manual | Reserved |
| 16 | Anderson's Personnel File | Denied |
| 17 | Cochran's Personnel File | Denied |
| 18 | Dayroom Schedule | Reserved |
| 19 | Am. Complaint, *Thomas v. Acevedo et al.*, 1:10-cv-01278 | Barred by Court's Stipulation as to Plaintiff's filing of grievances, complaints and lawsuits prior to 3/24/11 [ECF 185 Ex. B] |
| 20 | Waiver of Summons, *Thomas v. Acevedo et al.*, 1:10-cv-01278 | Barred by Court's Stipulation as to Plaintiff's filing of grievances, complaints and lawsuits prior to 3/24/11 [ECF 185 Ex. B] |
| 21 | Answer, *Thomas v. Acevedo et al.*, 1:10-cv-01278 | Barred by Court's Stipulation as to Plaintiff's filing of grievances, complaints and lawsuits prior to 3/24/11 [ECF 185 Ex. B] |

| 22 | Defendant Anderson's Response to Interrogatories | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| --- | --- | --- |
| 23 | Defendant Anderson's January 8, 2020 Response to Interrogatories | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 24 | Defendant Cochran's Response to Interrogatories | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 25 | Defendant Cochran's January 10, 2020 Response to Interrogatories | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 26 | Roger Fitchpatrick's Response to Interrogatories | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 27 | Roger Fitchpatrick's January 9, 2020 Response to Interrogatories | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 28 | Defendant Bailey's Response to Interrogatories | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 29 | Defendant Bailey's January 6, 2020 Response to Interrogatories | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 30 | Defendant Sanders' Response to Interrogatories | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 31 | Defendant Sanders' August 26, 2019 Response to Interrogatories | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 32 | Deposition Transcript of Defendant Anderson dated October 9, 2019 | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 33 | Deposition Transcript of Defendant Cochran dated October 3, 2019 | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |

| | | |
|---|---|---|
| 34 | Deposition Transcript of Roger Fitchpatrick dated October 8, 2019 | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 35 | Deposition Transcript of Defendant Bailey dated September 20, 2019 | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 36 | Deposition Transcript of Defendant Sanders dated September 23, 2019 | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 37 | Transcript of trial proceedings in *Thomas v. Anderson et al.*, No. 12-cv-1343, dated August 10-13, 2015 | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |

## COURT'S PROPOSED EXHIBIT F

## DEFENDANT'S EXHIBIT LIST

| NO. | DESCRIPTION | COURT'S POSITION |
|---|---|---|
| 1 | 3/24/2011 Disciplinary Report by Defendant Cochran | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 2 | Incident report from Anderson re 3/24/11 incident | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 3 | Pl.'s Cumulative Counseling Summary "CHAMPS" | Denied |
| 4 | Internal Affairs Report by Lt. Wayne Steele | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 5 | Pl.'s Disciplinary History | Denied |
| 6 | 3.24.11 Disciplinary Ticket | Allowed as substantive evidence and for impeachment or as admission by a party opponent |
| 7 | Good Conduct Credit/Statutory Good Time Restoration Revocation Recommendation | Reserved |
| 8 | Final Summary Report | Reserved |
| 9 | Plaintiff's IGRV History | Denied |
| 14 | Grievance Officer's Report re Grievance numbered 111588 | Not admissible as substantive evidence but may be used for impeachment or as admission by a party opponent |
| 15 | DR 504 Administration of Discipline Manual | Reserved |

7

## COURT'S PROPOSED EXHIBIT G

## COURT'S PROPOSED JURY INSTRUCTIONS- LIST

1. 1.01 Function of Court and Jury (Joint Proposed #1)
2. 1.02 No inference from Judge's Questions (Joint Proposed #2)
3. Non PI Introductory Instruction for Section 1983 Claim (Pla. Proposed #5)
4. 1.04 Evidence (Joint Proposed #3)
5. 1.05 Deposition Testimony (Pla. Proposed #2)
6. 2.08 Deposition as Substantive Evidence (Court's Proposed #6)
7. 1.06 What is not Evidence (Joint Proposed #4)
8. 1.07 Note Taking (Joint Proposed #5)
9. 1.09 Limited Purpose of Evidence (Defts. Proposed #1)
10. 1.11 Weighing the Evidence (Joint Proposed #6)
11. 1.12 "Direct" and "Circumstantial" Evidence (Joint Proposed #7)
12. 1.13 Testimony of Witnesses (Joint Proposed #8)
13. 1.14 Prior Inconsistent Statements (Defts. Proposed #2)
14. 1.15 Prior Convictions of Witnesses (Defts. Proposed #3)
15. 1.16 Proper for Lawyer to Meet with Witnesses (Defts. Proposed #4)
16. 1.17 Number of Witnesses (Joint Proposed #9)
17. 1.18 Absence of Evidence (Joint Proposed #10)
18. 1.25 Multiple Defendants (Defts. Proposed #6)
19. 7.01 State and IDOC not Parties (Defts. Proposed #12)
20. 7.02 Defendant Must be Personally Involved (Defts. Proposed #13)
21. 7.04 Evidence of Rules and Regulations (Defts. Proposed #14)
22. 6.03 * Elements of Retaliation-Anderson and Cochran (Court's Proposed # 1)
23. 6.03 * Elements of Retaliation-Bailey and Sanders (Court's Proposed #2)
24. 1.27 Burden of Proof-Preponderance (Defts. Proposed #8)
25. 1.31 Need not Consider Damages (Defts. Proposed #9)
26. 7.27 * Nominal Compensatory Damages (Court's Proposed #3)
27. 7.28 *0 Punitive Damages (Court's Proposed #4)
28. 1.32 Jury Deliberations (Joint Proposed #11)
29. 1.33 Communication with the Court (Joint Proposed #12)
30. 1.34 Verdict Must be Unanimous (Court's Proposed #5)

The Court has modified its proposed instructions 1-4 found at #23, #24, #27 and #28. Copies of the modified instructions are attached. The Court's proposed instructions at #6 and #31 are standard Seventh Circuit pattern instructions and copies are not provided. It will be the parties' responsibilities to provide clean copies of those instructions which are allowed after the jury instructions conference.

An inmate's right to file prison grievances and lawsuits is protected by the Constitution.

In this case, Plaintiff claims that Defendants Anderson and Cochran filed a false disciplinary ticket against him for filing past prison grievances and lawsuits, including one against Defendant Anderson.

For you to find a Defendant liable on this claim, Plaintiff must prove each of the following four things by a preponderance of the evidence against that Defendant;
1. Plaintiff filed past prison grievances and/or lawsuits, including one against Defendant Anderson.
2. The Defendant intentionally filed a false disciplinary ticket against Plaintiff.
3. Plaintiff's filing of past prison grievances and lawsuits was a reason that Defendant filed a false disciplinary ticket against Plaintiff. It need not have been the only reason.
4. That Defendant's issuance of a disciplinary ticket would be likely to deter an average person in Plaintiff's circumstances from engaging in filing prison grievances or lawsuits.

If you find that Plaintiff did not prove each of these things by a preponderance of the evidence against a Defendant, you must decide for that Defendant.

If you find Plaintiff did prove each of these things by a preponderance of the evidence as to a Defendant, then you must consider whether that Defendant has proved by a preponderance of the evidence that there were other reasons that would have led that Defendant to issue a disciplinary ticket even if Plaintiff had not filed past prison grievances and lawsuits. If you find a Defendant proved this by a preponderance of the evidence, then you must decide for that Defendant. If you find a Defendant did not prove this by a preponderance of the evidence, then you must decide for Plaintiff, and consider this issue of damages.

You must give separate consideration to each party in this case. Although there are two Defendants potentially liable as to this claim, it does not follow that if one is liable, any of the others is liable.

Court Proposed Instruction No. 1
Source: 7th Cir. Pattern Civil Jury Instruction No. 6.03 modified

Given_____
Given as Modified_____
Not Given_____
Withdrawn_____

An inmate's right to file prison grievances and lawsuits is protected by the Constitution.

In this case, Plaintiff claims that Defendants Bailey and Sanders recommended that Plaintiff receive discipline for a disciplinary ticket in retaliation for filing past prison grievances and lawsuits.

For you to find a Defendant liable on this claim, Plaintiff must prove each of the following four things by a preponderance of the evidence against that Defendant;
1. Plaintiff filed past prison grievances and/or lawsuits.
2. The Defendant intentionally recommended that Plaintiff receive discipline for a disciplinary ticket.
3. Plaintiff's filing of past prison grievances and lawsuits was a reason that Defendant recommended that Plaintiff receive discipline for a disciplinary ticket. It need not have been the only reason.
4. That Defendant's recommended discipline would be likely to deter an average person in Plaintiff's circumstances from engaging in filing prison grievances or lawsuits.

If you find that Plaintiff did not prove each of these things by a preponderance of the evidence against a Defendant, you must decide for that Defendant.

If you find Plaintiff did prove each of these things by a preponderance of the evidence as to a Defendant, then you must consider whether that Defendant has proved by a preponderance of the evidence that there were other reasons that would have led that Defendant to recommend that Plaintiff receive discipline for a disciplinary ticket even if Plaintiff had not filed past prison grievances and lawsuits. If you find a Defendant proved this by a preponderance of the evidence, then you must decide for that Defendant. If you find a Defendant did not prove this by a preponderance of the evidence, then you must decide for Plaintiff, and consider this issue of damages.

You must give separate consideration to each party in this case. Although there are two Defendants potentially liable as to this claim, it does not follow that if one is liable, any of the others is liable.

Court Proposed Instruction No. 2
Source: 7th Cir. Pattern Civil Jury Instruction No. 6.03 modified

Given_____
Given as Modified_____
Not Given_____
Withdrawn_____

## DAMAGES: COMPENSATORY

If you find in favor of Mr. Thomas on his retaliation claim against one or more of the Defendants, you shall award him nominal damages of One Dollar ($1.00).

Court Proposed Instruction No. 3

Source: 7th Cir. Pattern Civil Jury Instruction No. 7.27 modified

Given\_\_\_\_\_
Given as Modified\_\_\_\_\_
Not Given\_\_\_\_\_
Withdrawn\_\_\_\_\_

## DAMAGES: PUNITIVE

If you decide in favor of Mr. Thomas, you may, but are not required to, assess punitive damages against the Defendants, any one of them. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to a defendant and others not to engage in similar conduct in the future.

Mr. Thomas must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that the conduct of a defendant was malicious or in reckless disregard of Mr. Thomas' rights. Conduct is malicious if it is accompanied by ill will or spite or was done for the purpose of injuring Mr. Thomas. Conduct is in reckless disregard of Mr. Thomas' rights if, under the circumstances, a defendant simply did not care about Mr. Thomas' rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;
- the impact of the Defendant's conduct on Mr. Thomas;
- the relationship between Mr. Thomas and the Defendant;
- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made; and
- the relationship of any award of punitive damages to the amount of actual harm Mr. Thomas suffered.

Court Proposed Instruction No. 4
Source: 7th Cir. Pattern Civil Jury Instruction No. 7.28 modified

Given_____<br>
Given as Modified_____<br>
Not Given_____<br>
Withdrawn_____

COURT'S PROPOSED VERDICT FORM

I. **Section One**

**We, the jury, find as follows on Plaintiff's First Amendment Retaliation Claims**:
(Place an "X" on the appropriate line for each individual)

| For Plaintiff | | For Defendant | |
|---|---|---|---|
| _____ | or | _____ | Raymond Anderson |
| _____ | or | _____ | Richard Cochran |
| _____ | or | _____ | Scott Bailey |
| _____ | or | _____ | Cornealious Sanders |

**Note: In Section One, if you found for Plaintiff on his claim against one or more Defendants, you must, in Section Two, award $1.00 (One Dollar) as nominal damages against each Defendant found liable. If you found for all the Defendants in Section One, skip Section Two because you will not award any damages and proceed to complete Section Three.**

II. **Section Two**
    **Part A – Nominal Damages**

**Having found for Plaintiff in Section One on his First Amendment claim against one or more of the Defendants, you should write the amount of $1.00 (One Dollar) as nominal damages against each Defendant found liable.**

| Raymond Anderson | $_____ | (One Dollar) |
|---|---|---|
| Richard Cochran | $_____ | (One Dollar) |
| Scott Bailey | $_____ | (One Dollar) |
| Cornealius Sanders | $_____ | (One Dollar) |

**Part B – Punitive Damages**

**Please state the amount of punitive damages, if any, you award in favor of Plaintiff Michael Thomas and against any of the following Defendants found liable in Section One.**

| Raymond Anderson | $_____ | (fill in dollar figure) |
|---|---|---|
| Richard Cochran | $_____ | (fill in dollar figure) |
| Scott Bailey | $_____ | (fill in dollar figure) |
| Cornealius Sanders | $_____ | (fill in dollar figure) |

III. <u>**Section Three**</u>

**We, the jury, having reached a unanimous agreement on Plaintiff's claims, sign below.**

Date: _____

| | |
|---|---|
| _____ | _____ |
| Foreperson | Juror |
| | |
| _____ | _____ |
| Juror | Juror |
| | |
| _____ | _____ |
| Juror | Juror |
| | |
| _____ | _____ |
| Juror | Juror |